NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL J. McGINTY, | Civil Action No.: 15-6855 (CCC-SCM) |
| Plaintiff, | |
| v. | OPINION |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE | |
| Defendant. | |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on the motion [ECF No. 4] of Defendant Megan J. Brennan in her official capacity as Postmaster General ("Defendant") to dismiss Plaintiff Daniel J. McGinty's ("Plaintiff") Complaint. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] Having considered the parties' submissions and for the reasons set forth below, the Court grants Defendant's motion to dismiss.

**II.   BACKGROUND**

On April 5, 1981, Plaintiff was honorably discharged from the United States Air Force with a service-connected disability. [Compl. at 4.] In August 1981, Plaintiff became employed with the United States Postal Service ("USPS") with a veteran's preference. [*Id.*] On May 4, 1990, Plaintiff resigned his position at the USPS. [*Id.*] By that point, he had accumulated 375.62 hours of unused sick leave, among other benefits. [*Id.*]

---

[1] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

On August 20, 1994, Plaintiff was reemployed by the USPS. [*Id.*] By letter dated February 3, 1997, Plaintiff was informed by Patricia A. Johnson, a Human Resources Specialist at the USPS, that he was given credit for his prior employment and that all of his previously accrued benefits were reinstated with the exception of the sick leave balance of 375.62 hours. [*Id.*] The letter cited the USPS's Employee and Labor Relations Manual ("ELM") Section 513.72 as the basis for not reinstating the unused sick leave balance. [*Id.*] ELM 513.72 reads:

> Reemployment. Sick leave may be recredited upon reemployment provided there is not a break in service in excess of 3 years.

At that time in 1997, Plaintiff took no further action to challenge the USPS's decision not to reinstate his unused sick leave balance.

On February 12, 2002, Plaintiff filed a claim for occupational bilateral carpal tunnel injuries for which he received medical benefits through the Office of Workers' Compensation Programs ("OWCP") of the United States Department of Labor. [*Id.*] These injuries stemmed from Plaintiff's employment with the USPS.

On March 9, 2015, Plaintiff was charged leave without pay for medical leave due to work-related injuries he suffered. [*Id.*] On March 12, 2015, Plaintiff requested pre-complaint counseling from a USPS Equal Employment Opportunity ("EEO") Counselor. [*See* ECF No. 4-2.[2]] Plaintiff filed an EEO Complaint of Discrimination in the Postal Service on June 1, 2015 (the "EEO Complaint"). [*See* ECF No. 4-3.] The only allegation in his EEO Complaint was that the "ELM regarding reemployment fails to include disabled American veterans, specifically ELM 513.73." [ECF No. 4-3.]

---

[2] In evaluating a motion to dismiss, this Court may consider public documents as well as documents integral to the Complaint, such as EEO documents from the administrative agency. *See Smith v. Pall*, 420 F. App'x 208, 213 (3d Cir. 2011) ("[T]he District Court properly considered the attached EEO documents when considering the motion to dismiss.").

2

On June 22, 2015, a Dismissal of Formal EEO Complaint (the "EEO Dismissal") was issued by EEO Services Analyst Christine Muringer in Plaintiff's case, Agency Case Number 1B-073-0013-15. [*See* ECF No. 1 at 14-17.] The EEO Dismissal was made solely on the basis that his EEO Complaint was untimely. [*Id.*] Specifically, the EEO Services Analyst found that a "discrete act" of discrimination was alleged to have taken place on August 20, 1994. [*Id.*] Accordingly, under 29 C.F.R. § 1614.105(a)(1), Plaintiff had 45 days from that date to contact an EEO Counselor. [*Id.*] As Plaintiff did not contact an EEO Counselor until March 3, 2015—more than 20 years later—the EEO Dismissal found his EEO Complaint to be untimely. [*Id.*] Lastly, the EEO Dismissal informed Plaintiff of his right to appeal to the Equal Employment Opportunity Commission ("EEOC") or to file a civil action in lieu of appealing to the EEOC. [*Id.*]

Pursuant to 29 C.F.R. § 1614.407(c), Plaintiff timely filed this civil action within 90 days of receipt of the EEO Dismissal. Defendant now moves to dismiss on two grounds: (1) failure to exhaust administrative remedies; and (2) failure to state a claim for discrimination.

### III. DISCUSSION

#### A. Plaintiff's Complaint is dismissed for failure to exhaust his administrative remedies.

The Third Circuit's decision in *Smith v. Pallman* is directly on point. 420 F. App'x 208. There, the Third Circuit affirmed a district court's dismissal for failure to exhaust administrative remedies when an employee did not contact the EEO Counselor within 45 days of the alleged discriminatory action. *Id.* at 213.

Here, the discrimination alleged is the failure to credit Plaintiff's previously accrued unused sick leave upon his reemployment. That action occurred upon Plaintiff's reemployment on August 20, 1994. Accordingly, Plaintiff had 45 days from that date to contact an EEO

Counselor. *See* 29 C.F.R. § 1614.105(a)(1). He failed to do so, and therefore failed to exhaust his administrative remedies.

In his opposition, Plaintiff appears to argue that the discriminatory action occurred on February 3, 1997 when the USPS informed him that under ELM 513.72 he was not entitled to sick leave after a break in service of more than three years. [*See* ECF No. 5 ¶ 3.] The distinction, however, is of no consequence—Plaintiff did not contact an EEO Counselor within 45 days of that date either.

Finally, to the extent Plaintiff has argued (either in his EEO Complaint, his Complaint in this action, or his opposition papers to the motion to dismiss) that the discriminatory conduct was continuing in nature through the date he was charged leave without pay on March 9, 2015, the EEO Dismissal directly addressed that point. [*See* ECF No. 1 at 15.] Citing precedent from the United States Supreme Court, the EEO Dismissal found that the failure to credit the previously-accrued sick time was a "discrete act" occurring on August 20, 1994 that began the 45-day clock to contact an EEO Counselor. [*Id.*] Plaintiff has not raised any argument to the contrary.

Accordingly, pursuant to Third Circuit precedent, Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies.

### B. Plaintiff fails to state a claim upon which relief can be granted.

To the extent Plaintiff argues[3] that his Complaint alleges a separate claim for discrimination that occurred when he was charged leave without pay on March 9, 2015, Plaintiff has failed to state a claim for discrimination under the Rehabilitation Act. Rehabilitation Act claims are subject

---

[3] This Court is mindful that Plaintiff is proceeding *pro se*, and will therefore construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations omitted)).

to the *McDonnell Douglas* burden-shifting framework. *See Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007). Under this framework, a plaintiff in a discrimination case must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must show that: (1) he has a disability within the definition provided by the Americans with Disabilities Act; (2) he is otherwise qualified to perform the essential functions of his position; and (3) he has suffered an adverse employment decision because of that disability. *Freeman v. Chertoff*, 604 F. Supp. 2d 726, 731 (D.N.J. 2009). Here, Plaintiff fails to allege that he suffered an adverse employment decision ***because of*** his disability.[4]

"The Rehabilitation Act [] sets an exacting standard of causation and only 'allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program solely on the basis of disability.'" *Njos v. United States*, Civil Action No. 3:12-cv-1251, 2015 U.S. Dist. LEXIS 176464, at *9-10 (M.D. Pa. Sept. 28, 2015) (quoting *CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235-36 (3d Cir. 2013)). It is insufficient for Plaintiff to allege that he is disabled and that the suffered an adverse employment decision. The disability must be the cause of the adverse employment decision.

Here, Plaintiff does not contend that he was charged leave without pay because he was disabled. Rather, Plaintiff contends that he was charged leave without pay because of the USPS's interpretation of the ELM.[5] Thus, Plaintiff has not pleaded facts sufficient to establish a *prima facie* case of discrimination under the Rehabilitation Act.

---

[4] Defendant contends that Plaintiff fails to allege that he has a disability, thus failing the first element. [ECF No. 4-1 at 7-8.] Plaintiff contests this assertion. [ECF No. 5 ¶ 3b.] Construing the facts in a light most favorable to the Plaintiff, the Court assumes for purposes of this motion that Plaintiff has a disability.

[5] Further, it appears to this Court that the USPS's interpretation of the ELM—applying ELM 513.72 rather than 513.73 to Plaintiff's situation—is reasonable in this case. ELM 513.73 applies

### C. The USPS is an improper defendant.

Defendants correctly contend that the only proper defendant in an action brought by a federal employee pursuant to the Rehabilitation Act is the head of the employing department. *See Burg v. U.S. Dept. Health and Human Services*, No. 07-2992, 2010 U.S. Dist. LEXIS 133919, at *6 (E.D. Pa. Dec. 15, 2010) (citing 42 U.S.C. § 2000e-16(c). Accordingly, the only proper defendant in this case is Megan J. Brennan in her official capacity as Postmaster General. This Court will dismiss the USPS as an independant defendant.

## IV. CONCLUSION

Having reviewed the parties' submissions, the Court grants Defendant's motion to dismiss. To the extent the deficiencies in the Complaint can be cured, Plaintiff will be given thirty (30) days to file an amended complaint. An appropriate order accompanies this Opinion.

Dated: June 28, 2016

CLAIRE C. CECCHI, U.S.D.J.

---

only to "individuals who were originally separated and who are subsequently reemployed from a continuous period on OWCP rolls." Plaintiff was undisputedly not such an individual when he was reemployed in 1994.