**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL J. McGINTY, | Civil Action No.: 15-6855 (CCC-SCM) |
| Plaintiff, | |
| v. | **OPINION** |
| MEGAN J. BRENNAN, Postmaster General, U.S. POSTAL SERVICE, BETH COBERT, Acting Director, U.S. Office of Personnel Management, DOES 1-5, | |
| Defendants. | |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court on the motion of Defendants Megan J. Brennan in her official capacity as Postmaster General, Beth Cobert, Acting Director, U.S. Office of Personnel Management, and the United States Postal Service ("USPS" and collectively "Defendants") to dismiss Plaintiff Daniel J. McGinty's ("Plaintiff") Amended Complaint. ECF No. 29. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendants' motion.

### II. BACKGROUND

On April 5, 1981, Plaintiff was honorably discharged from the United States Air Force with a service-connected disability. Amended Complaint ("Compl.") ECF No. 19 at 3. In August 1981, Plaintiff became employed with the USPS with a veteran's preference. *Id.* On May 4, 1990, Plaintiff resigned his position at the USPS. *Id.* By that point, he had accumulated 375.62 hours of unused sick leave, among other benefits. *Id.*

1

On August 20, 1994, Plaintiff was reemployed by USPS. *Id.* On February 3, 1997, Patricia A. Johnson, a Human Resources Specialist at USPS, sent a letter informing Plaintiff that he was given credit for his prior employment and that all of his previously accrued benefits were reinstated with the exception of the sick leave balance of 375.62 hours. *Id.* The letter cited USPS's Employee and Labor Relations Manual ("ELM") Section 513.72, applicable to reemployment, as the basis for not reinstating the unused sick leave balance. *Id.* at 4. ELM 513.72 reads: "Sick leave may be recredited upon reemployment provided there is not a break in service in excess of 3 years."

On February 12, 2002, Plaintiff filed a claim for occupational bilateral carpal tunnel injuries for which he received medical benefits through the Office of Workers' Compensation Programs ("OWCP") of the United States Department of Labor. *Id.* at 37, Ex. M.[1] On July 21, 2003, Plaintiff received a letter response to an inquiry regarding his unused sick leave from his first employment with USPS which ended in 1990. *See id.* at Ex. M. The letter indicates that for an employee who was injured on duty and placed on the OWCP payroll, ELM 513.73 applies and unused sick leave will be "re-credited to their account regardless of the length of time these employees were on OWCP and off postal rolls." *Id.* The letter further provides that because Plaintiff voluntarily resigned from USPS in 1990, and the injury for which he received benefits from OWCP occurred in 2002, ELM 513.73 does not apply. *Id.*

On March 9, 2015, Plaintiff was charged leave without pay for medical leave. *Id.* at 71, Ex. S. On March 12, 2015, Plaintiff requested pre-complaint counseling from a USPS Equal Employment Opportunity ("EEO") Counselor. *Id.* at Ex. N. Plaintiff filed an EEO Complaint of Discrimination in the Postal Service on June 1, 2015 (the "EEO Complaint"). *See id.* at 73, Ex. S.

---

[1] In evaluating a motion to dismiss, this Court may consider public documents as well as documents integral to the Complaint, such as EEO documents from the administrative agency. *See Smith v. Pall*, 420 F. App'x 208, 213 (3d Cir. 2011) ("[T]he District Court properly considered the attached EEO documents when considering the motion to dismiss.").

The only allegation in his EEO Complaint was that the ELM regarding reemployment, specifically ELM 513.73, fails to include disabled American veterans, and as a result, the Agency failed to credit back to Plaintiff 375.62 hours of previously earned sick leave. *Id.*

On June 22, 2015, a Dismissal of Formal EEO Complaint (the "EEO Dismissal") was issued by EEO Services Analyst Christine Muringer in Plaintiff's case, Agency Case Number 1B-073-0013-15. *See id.* at 4, 75-78, Ex. T. The EEO Dismissal was made solely on the basis that his EEO Complaint was untimely. *Id.* at 75-78, Ex. T. Specifically, the EEO Services Analyst found that a "discrete act" of discrimination was alleged to have taken place on August 20, 1994, when Plaintiff was reemployed by USPS. *Id.* Accordingly, under 29 C.F.R. § 1614.105(a)(1), Plaintiff had 45 days from that date to contact an EEO Counselor. *Id.* As Plaintiff did not contact an EEO Counselor until March 12, 2015—more than 20 years later—the EEO Dismissal found the EEO Complaint to be untimely. *Id.* Lastly, the EEO Dismissal informed Plaintiff of his right to appeal to the Equal Employment Opportunity Commission ("EEOC") or to file a civil action in lieu of appealing to the EEOC. *Id.*

Pursuant to 29 C.F.R. § 1614.407(c), Plaintiff timely filed this civil action within 90 days of receipt of the EEO Dismissal on September 15, 2015 against Defendant Megan J. Brennan and USPS. ECF No. 1. On November 25, 2015, Defendants filed a motion to dismiss, which the Court granted with leave to amend on June 29, 2016. *See* ECF Nos. 14, 15. On July 18, 2016, Plaintiff filed an Amended Complaint and added Defendant Beth Cobert, Acting Director of the U.S. Office of Personnel Management and Does 1-5 to the action. ECF No. 19. On September 7, 2016, Defendants filed the instant motion to dismiss. ECF No. 26.

## III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines*, 404 U.S. at 520-21); *Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007).

4

## IV. DISCUSSION

In the Amended Complaint, Plaintiff appears to allege a claim of employment discrimination based upon his disability. As the Rehabilitation Act is the exclusive remedy for federal employees to claim disability discrimination, the Court will construe Plaintiff's claim as such. *See Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995). Defendants move to dismiss the Amended Complaint on the grounds that Plaintiff has failed to exhaust his administrative remedies[2] and that Plaintiff has failed to state a claim. *See* ECF No. 29. Here, the Court finds Plaintiff failed to state a claim for discrimination and grants Defendants' motion to dismiss.[3]

### A. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted

Rehabilitation Act claims are subject to the *McDonnell Douglas* burden-shifting framework. *See Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007). Under this framework, a plaintiff in a discrimination case must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must show that: (1) he has a

---

[2] A plaintiff asserting a claim under the Rehabilitation Act must first exhaust Title VII administrative remedies before bringing suit. *See Spence*, 54 F.3d at 201. Among other requirements, a plaintiff must first contact an EEO counselor within 45 days of the alleged discriminatory act. *Id.* Here, the discriminatory act Plaintiff complains of occurred upon reemployment on August 20, 1994. Plaintiff did not file a complaint with the EEOC until March 3, 2015, over twenty years later. *See* ECF No. 19 at 4, 71, Ex. S. Therefore, Plaintiff failed to timely exhaust his administrative remedies. However, the Court will address Plaintiff's claim on the merits.

[3] Plaintiff asserts claims against USPS and Beth Cobert, Acting Director of the U.S. Office of Personnel Management ("OPM"). However, as stated in this Court's previous decision, the only proper defendant in an action brought by a federal employee pursuant to the Rehabilitation Act is the head of the employing department. *See Burg v. U.S. Dept. Health and Human Services*, No. 07-2992, 2010 U.S. Dist. LEXIS 133919, at *6 (E.D. Pa. Dec. 15, 2010) (citing 42 U.S.C. § 2000e-16(c). Accordingly, the only proper defendant in this case is Megan J. Brennan in her official capacity as Postmaster General, and Plaintiff's Amended Complaint is also dismissed on this independent basis as to USPS and Beth Cobert. *See also Fanciullo v. United States Postal Serv.*, No. 12-5467-ES, 2013 U.S. Dist. LEXIS 140152, *14-15 (D.N.J. Sept. 30, 2013).

disability within the definition provided by the Americans with Disabilities Act; (2) he is otherwise qualified to perform the essential functions of his position; and (3) he has suffered an adverse employment decision because of that disability. *Freeman v. Chertoff*, 604 F. Supp. 2d 726, 731 (D.N.J. 2009). Here, Plaintiff fails to allege that he suffered an adverse employment decision because of his disability.

The Rehabilitation Act only "allows a plaintiff to recover if he or she [was] deprived of an opportunity to participate in a program solely on the basis of disability." *CG v. Penn. Dep't of Educ.*, 734 F.3d 229, 235-36 (3d Cir. 2013). It is insufficient for Plaintiff to allege that he is disabled and that he suffered an adverse employment decision. Rather, the disability must be the cause of the adverse employment decision. Here, Plaintiff does not contend that he was denied his accumulated sick leave hours because he was disabled. Instead, Plaintiff alleges that USPS used the incorrect ELM to determine whether his sick leave should be credited.[4] *See* ECF No. 30. Thus, because Plaintiff has not alleged he suffered an adverse employment decision *because* of his disability, Plaintiff has not pleaded facts sufficient to establish a *prima facie* case of discrimination under the Rehabilitation Act. Accordingly, Plaintiff's claim for discrimination is dismissed.

### B. FERCCA

In a supplemental brief to this Court, Plaintiff alleges that the "[a]pplicable law is the Federal Erroneous Retirement Coverage Corrections Act" ("FERCCA").[5] *See* ECF No. 28, 5 U.S.C.S. § 8331. Plaintiff alleges he is "entitled to [Civil Service Retirement System] Offset

---

[4] Plaintiff argues ELM 512.73 is applicable to his case, rather than 513.72. ELM 513.73 applies only to "individuals who were originally separated and who are subsequently reemployed from a continuous period on OWCP rolls." Because Plaintiff was undisputedly not such an individual when he was reemployed in 1994, it appears that the USPS's interpretation of the ELM—applying ELM 513.72 rather than 513.73 to Plaintiff's situation—is reasonable in this case.

[5] The Court notes Plaintiff may not amend his Amended Complaint in a supplemental briefing to the Court. *See Hughes v. UPS*, 639 F. App'x 99, 104 (3d Cir. 2016). However, in light of Plaintiff's *pro se* status, the Court addresses the new statute identified by Plaintiff.

coverage" under the statute. ECF No. 28. Before a plaintiff may file a FERCCA claim, he must exhaust his administrative remedies with the Merit Systems Protection Board. *See* 5 C.F.R. §§ 839.1301, 839.1034. Here, Plaintiff has not alleged he exhausted his administrative remedies regarding this claim. Accordingly, Plaintiff's claim pursuant to FERCCA must be dismissed for failure to exhaust his administrative remedies.[6] *See Smith v. Pallman*, 420 F. App'x 208, 212 (3d Cir. 2011) ("Failure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss.").

## V.  CONCLUSION

Having reviewed the parties' submissions, the Court grants Defendants' motion to dismiss. To the extent the deficiencies in the Complaint can be cured, Plaintiff will be given thirty (30) days to file an amended complaint. An appropriate order accompanies this Opinion.

Dated: April 27, 2017

CLAIRE C. CECCHI, U.S.D.J.

---

[6] Having dismissed Plaintiff's claims against the named Defendants, Plaintiff's remaining claims exist solely against unnamed defendants. "Case law is clear that an action cannot be maintained solely against Doe defendants." *Baker v. United States*, 642 F. App'x 147, 152 (3d Cir. 2016). *See also Breslin v. Philadelphia*, 92 F.R.D. 764, 765 (E.D. Pa. 1981) ("Given the identification of the remaining defendants only as 'John Doe,' there is no method of serving the complaint in accord with due process, and no way that the action can otherwise proceed."). Accordingly, the Court dismisses Plaintiff's Amended Complaint in its entirety.